O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ASQUITH WILLIAMS, | Case No.: 5:22-cv-01881-MEMF-SPx |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND [ECF NO. 11], GRANTING REQUEST FOR JUDICIAL NOTICE [ECF NO. 12] AND GRANTING IN PART COUNTERMOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 18]** |
| v. | |
| SPECIALIZED LOAN SERVICING, LLC, et al., | |
| Defendants. | |

    Before the Court are the Motion to Dismiss (ECF No. 11) and Request for Judicial Notice (ECF No. 12) filed by Defendant Specialized Loan Servicing, LLC, and the Countermotion for Leave to Amend Complaint filed by Plaintiff Asquith Williams (ECF No. 18). For the reasons stated herein, the Court hereby GRANTS IN PART the Motion to Dismiss WITH LEAVE TO AMEND, GRANTS the Request for Judicial Notice, and GRANTS IN PART the Countermotion for Leave to Amend Complaint. Williams is ORDERED to file a First Amended Complaint within twenty-eight (28) days of the date of this Order if he still desires to pursue any of the claims being dismissed with leave to amend.

# BACKGROUND

## I. Factual Background[1]

In 2005, Plaintiff Asquith Williams ("Williams") bought a property in Corona, CA (the "Property") with a first mortgage for $516,000 and a home equity line of credit (the "HELOC" or "second mortgage") of $200,000. Compl. ¶¶ 5, 11. Williams executed the HELOC on August 14, 2006. *Id.* ¶ 11. The maturity date of the HELOC was August 1, 2021. *Id.* In 2006, Williams obtained a loan modification, which he believed consolidated his first mortgage and the HELOC because the lender—Lending Company, Inc.—remained the same. *Id.* ¶ 12. He did not receive any notification that his servicer changed from Lending Company, Inc., to Defendant Specialized Loan Servicing, LLC ("SLS") or any other loan servicer. *Id.* Williams made payments on the first mortgage and received no communications from his servicer until August 2021, when he was notified that the HELOC had matured and that over $300,000 was due on the loan. *Id.*

## II. Procedural History

On October 6, 2022, Williams filed a complaint against Defendant Specialized Loan Servicing, LLC ("SLS") in the Superior Court of California, County of Riverside, alleging one cause of action for declaratory relief. *See generally id.* On October 26, 2022, SLS removed the case to federal court. ECF No. 1 ("Notice of Removal"). On December 2, 2022, SLS filed the instant Motion to Dismiss and Request for Judicial Notice. Notice of Motion and Motion to Dismiss, ECF No. 11 ("MTD"); Request for Judicial Notice, ECF No. 12 ("RJN"). On December 17, 2022, the Court, on its own motion, continued the hearing on this case to April 13, 2023. ECF No. 15. On March 22, 2023, the Court issued an order requesting that Williams file an Opposition or statement as to whether he plans to oppose the motion and an explanation as to why he failed to file a timely opposition. ECF No. 16. On March 23, 2023, Williams filed a Statement of Opposition, expressing his intent to oppose the Motion. ECF No. 19. He also filed an Opposition to the Motion to Dismiss, as well as a Countermotion for Leave to File an Amended Complaint. ECF No. 18 ("Opp'n" or "Countermotion"). In the Opposition, Williams "concedes that Defendant's authority is correct," but

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. Complaint, ECF No. 1, Ex. 1 ("Compl.").

proposes that the Court grant leave to amend his Complaint. *Id.* On March 27, 2023, the Court issued an order acknowledging the Countermotion and requiring that Williams file a statement of compliance with C.D. Cal. L.R. 7-3. ECF No. 20. On March 29, 2023, Williams filed a statement asserting that counsel for Williams met and conferred with counsel for SLS on March 28, 2023, regarding the proposed amended complaint. ECF No. 21 ("7-3 Statement").

In the Proposed First Amended Complaint, Williams alleges three causes of action: (1) violation of Truth in Lending Act, Regulation Z; (2) reformation of contract; and (3) unjust enrichment. ECF No. 18, Ex. 1 ("Proposed FAC"). The Court held oral argument on this matter on June 22, 2023.

## REQUEST FOR JUDICIAL NOTICE

### I. Applicable Law

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Under this standard, courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Moreover, even when documents are not physically attached to the complaint, courts may nonetheless consider such documents if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Lee*, 250 F.3d at 688.

### II. Discussion

SLS submits—and asks the Court to take judicial notice of—one exhibit in support of its Motion to Dismiss: a "Deed of Trust" recorded in the Official Records of Los Angeles County as Document Number 2006-0637106 (Exhibit 1). *See* RJN at 2. The Court finds that Exhibit 1 falls into the category of public records of state agencies widely recognized as proper subjects of judicial notice. *See, e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1

(9th Cir. 2004) (holding that a court "may take judicial notice of the records of state agencies and other undisputed matters of public record"). Generally, a mortgage is defined as "an interest in real property that secures a creditor's right to repayment." *Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991). "Proper execution and delivery of a deed of trust is a grant of an interest in real property under California law; thus a deed of trust is a lien or charge upon the property which is created upon delivery of the instrument." *In re Cortez*, 191 B.R. 174, 178 (B.A.P. 9th Cir. 1995); *see* CAL. CIV. CODE § 1054 (1982) (grant becomes effective upon delivery by grantor). The Court recognizes that neither the Complaint nor the Proposed FAC explicitly reference the Deed of Trust that SLS requests the Court take judicial notice of. However, both Complaints reference Williams's mortgages, which, along with a deed of trust, constitutes an "interest in real property." *Johnson*, 501 U.S. at 82; *In re Cortez*, 191 B.R. at 178. The Deed of Trust is therefore central to the Complaint and Proposed FAC, even though not explicitly referenced. In light of the foregoing, the Court therefore GRANTS SLS's Request for Judicial Notice.

## MOTION TO DISMISS & MOTION FOR LEAVE TO AMEND

### I. Applicable Law

#### A. Motions to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.* While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "threadbare recitals of the elements of a cause of action." *Id.* "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A district court should generally grant leave to amend freely. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). However, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id.* at 1041.

### B. Motions for Leave to Amend a Complaint

Federal Rule of Civil Procedure 15 governs the amendment of complaints. It provides:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15 (a)(1)(A)–(B). Put differently, "a plaintiff has the right to amend within twenty-one days of service of the complaint . . . or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first . . . ." *Ramirez v. County. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Federal Rule of Civil Procedure 15(a)(2) further provides that a court "should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). The Ninth Circuit strongly favors allowing amendment and considers the following four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

**II.   Discussion**

As an initial matter, the Court notes that Williams appears to concede that his initial Complaint fails to state a claim upon which relief may be granted. *See* Opp'n at 2 ("Plaintiff concedes that Defendant's authority is correct . . . . Plaintiff instead proposes that the Court allow him leave to amend his Complaint."). As such, the Court GRANTS the Motion to Dismiss. However, the Court next turns to the question of whether leave to amend the complaint should nonetheless be granted. The Court notes that Williams is seeking leave to amend beyond the grace period provided by FED. R. CIV. P. 15(a)(1)(A)–(B). As a result, he may only amend his complaint if granted leave to do so by the Court. Williams contends that he should be granted leave to amend because (1) he has not acted in bad faith, (2) there is no undue delay, (3) SLS would not be prejudiced by his amendment, (4) amendment would not be futile. Opp'n at 2–3. SLS disagrees as to all points. Reply at 4–8.[2]

> **A. Although there is evidence of undue delay, there is no evidence that Williams acted in bad faith.**

SLS contends that Williams's undue delay in filing his Countermotion constitutes evidence of bad faith. Reply at 6–7. Williams filed his Opposition over three months after the instant Motion

---

[2] The Court notes that counsel for Williams failed to meet and confer in compliance with C.D. Cal. L.R. 7-3 prior to filing his Countermotion. Indeed, Williams admits in his 7-3 Statement that counsel for Williams failed to meet and confer with counsel for SLS until March 28, 2023—five days after the filing of the Countermotion. 7-3 Statement at 1. The Court advises the parties to be mindful of the Local Rules, as well as all requirements set forth in the Court's Civil Standing Order. Per the Court's Civil Standing Order, "[t]he Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith." Civil Standing Order at 4. Failure to comply with these rules in the future may result in such an outcome. However, the Court will analyze and deny the Countermotion on the merits.

to Dismiss was filed. *See* Opp'n. Despite the length of time between the filing of the Opposition and the Motion to Dismiss, however, the Court notes that on December 17, 2022, it had, on its own motion, continued the hearing on the Motion to Dismiss to April 13, 2023. To be sure, the Court's Civil Standing Order dictates that an opposition to a dispositive motion must be filed no later than 14 days *after the filing of the initial motion*. Civil Standing Order at 5. As such, Williams's Opposition, which was filed on March 23, 2023, was untimely under the Civil Standing Order. *See* Opp'n. However, the Court recognizes that this Court's Local Rules provide that opposing papers are to be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion." C.D. Cal. L.R. 7-9. The Court therefore concludes that although the Opposition was untimely, the deficient filing appears to be the result of mistake, rather than bad faith. Absent any other evidence, the Court declines to find bad faith.[3]

The Court further notes that Williams also waited over three months after receiving the Motion to Dismiss—and therefore at least three months after being notified of the deficiencies in his Complaint—to file his Countermotion and to seek leave to amend the Complaint.[4] ECF No. 7. The Court finds that this conduct also constitutes undue delay. *Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (concluding that a one-month delay in informing defendants of intent to seek leave to amend complaint and a further nearly three-month delay in filing a request for leave was contrary to plaintiff's "obligations under Rule 16 to *diligently* seek amendment of his complaint"). As with his Opposition, Williams failed to explain why he now seeks leave to amend the Complaint over three months later. However, the Court similarly finds no evidence that this undue delay was more than mere negligence, rather than bad faith.

With respect to undue delay, this factor weighs slightly in favor of denying leave to amend; however, the absence of bad faith weighs in favor of granting leave to amend.

---

[3] The Court refers counsel to the Court's Standing Order found on the Court's Website under Judge Frimpong's Procedures and Schedules. The Court admonishes Williams and counsel that it is the responsibility of the parties to maintain familiarity with the Standing Order and any future amendments that the Court may issue by periodically checking the Court's website for the operative version of the Standing Order.

[4] Presumably, Williams was notified of the deficiencies in his Complaint during the two Rule 7-3 conferences that took place in November 2022, according to SLS. Notice of Motion at 2.

### B. There is no evidence of prejudice to SLS.

The most important of the factors a court considers in determining whether to grant leave to amend a complaint is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden is on the party opposing amendment to show prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent a showing of prejudice or a strong showing of the remaining factors, a presumption exists in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

SLS does not appear to assert that it would be prejudiced should Williams be granted leave to amend. *See generally* Reply. Moreover, the Court notes that this case is in its nascent stages. Only one dispositive motion has been filed, and it has only just been heard. Because the case is in its early stages, the risk of prejudice to SLS is low. The Court therefore finds that this factor weighs in favor of granting leave to amend.

### C. Williams's proposed amendments regarding TILA would be futile, but the Court cannot conclude that amendment to his reformation or unjust enrichment claims would be futile.

SLS contends that Williams's proposed amendment would be futile because (1) the proposed new claims all rely on knowingly false allegations, (2) the proposed claim for violation of TILA is barred by the statute of limitations, and (3) Williams failed to state a claim for reformation and unjust enrichment. Reply at 4–6.

> i. <u>Because the Court must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff, the Court rejects SLS's argument that the proposed new claims are based on knowingly false allegations.</u>

SLS contends that Williams's proposed new claims in his Proposed FAC are based on knowingly false allegations. Reply at 4. Specifically, SLS argues that Williams never discussed combining his two loans in a loan modification with SLS in 2006 and that Williams knew that his HELOC loan was not combined with his first lien because he made payments on the HELOC loan throughout 2007 and into 2008 after his alleged 2006 loan modification on the first lien. Reply at 4. The Court notes, however, that at the Motion to Dismiss stage, a court "must accept all well-pleaded

material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159; *Manzarek*, 519 F.3d at 1031 ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). As such, taking all allegations in Williams's Complaint—and Proposed FAC—as true, the Court must reject SLS's challenges to the truth of the allegations. The Court therefore DECLINES to grant the Motion on this ground.

      ii. <u>The proposed claim for violation of TILA is barred by the statute of limitations.</u>

  SLS contends that the proposed new claim for violation of TILA is futile because the claim is barred by the statute of limitations. Reply at 5. Under 15 U.S.C. § 1640€, TILA actions "may be brought . . . within *one year* from the date of the occurrence of the violation." 15 U.S.C. § 1640€ (emphasis added). The Ninth Circuit has recognized that "[t]he general rule applicable to federal statutes of limitations is that 'a limitation period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged (violation).'" *NLRB v. Don Burgess Const. Corp.*, 596 F.2d 378, 382 (9th Cir. 1979) (quoting *NLRB v. Allied Prods. Corp.*, 548 F.2d 644, 650 (6th Cir. 1977)); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (noting that "[t]here is some debate on whether the period of limitations [under 15 U.S.C. § 1640(e)] commences on the date the credit contract is executed or at the time the plaintiff discovered, or should have discovered, the acts constituting the violation").

  In Williams's Proposed FAC, he alleges that he obtained a loan modification in 2006 and that he "heard nothing more [regarding the HELOC] until August 2021, when he was notified by Defendant SLS that the second mortgage had matured and that more than $300,000 was due." Proposed FAC ¶ 11. He further alleges that "Defendant did not provide a single statement for more than fourteen years and then sent Plaintiff notice of acceleration of a loan he did not realize he had." *Id.* ¶ 15. As a result, Williams's Proposed FAC makes clear that he "discovered, or should have discovered, the acts constituting the violation" as early as August 2021—fourteen months before he finally filed his Complaint in this action on October 10, 2022. The Court therefore concludes that

Williams's TILA claim is barred by the statute of limitations under 15 U.S.C. § 1640(e) and would be futile.[5]

### iii. The Court cannot conclude that the proposed claim for reformation and unjust enrichment would be futile.

SLS contends that Williams's proposed reformation and unjust enrichment claims would be futile because (1) SLS is not a party to the contract that Williams seeks to reform, and (2) Williams failed to provide SLS with any funds in 14 years. Reply at 5–6.[6]

#### 1. Williams failed to state a claim for reformation of contract, but the Court cannot conclude that amendment would be futile.

A court may reform a contract when

> (1) one party seeks reformation, (2) that party's assent was induced by the other party's misrepresentations as to the terms or effect of the contract, and (3) the party seeking reformation was justified in relying on the other party's misrepresentations.

*Skinner v. Northrop Grumman Retirement Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012). The Proposed FAC alleges the following regarding reformation of contract:

> 18. When negotiating for his loan modification, Plaintiff had **discussed with Defendant a loan that would consolidate his first and second mortgages**.
> 19. Plaintiff **believed his loan modification covered the first and second mortgages and diligently made all the payments he was notified of**.
> 20. Because Defendant **never sent a statement and never informed Plaintiff there was a second loan** separate from the first one after the modification, Plaintiff was unaware that a large amount would be due.
> 21. **Defendant's conduct in not informing Plaintiff of the terms of his loan or ever sending a statement after so much time was not fair** to Plaintiff.
> 22. **Plaintiff seeks a reformation of the loan Defendant claims to the loan Plaintiff thought he had, which includes both the first and second mortgages on the same terms.**

---

[5] Because the Court concludes that Williams's TILA claim is barred by the statute of limitations, the Court need not consider SLS's additional argument that creditors cannot be liable under TILA.

[6] The Court notes that SLS also contends again that Williams's proposed reformation and unjust enrichment claims rest on false allegations. However, the Court already addressed—and rejected—this argument. As a result, the Court declines to reconsider this argument again here.

Proposed FAC ¶¶ 18–22 (emphasis added). Here, although it is clear that Williams seeks reformation of the terms of his loan (thereby establishing element one of a reformation claim), his Proposed FAC fails to contain any allegations regarding "misrepresentations as to the terms or effect of the contract" or justified reliance on the alleged misrepresentation. Rather, the Proposed FAC only alleges that Williams "believed his loan modification covered the first and second mortgages." *Id.* ¶ 18. Williams also alleges that "Defendant never sent a statement," and "never informed Plaintiff there was a second loan separate from the first one after the modification," but otherwise does not claim that SLS made any misrepresentations that his mortgages would be or had been consolidated. Proposed FAC ¶¶ 18–20. A mere mistaken belief on the part of one party falls short of the affirmative misrepresentation sufficient to justify reformation of a contract. Restatement (Second) Contracts § 166 (Am. L. Inst. 2023) ("Reformation is more broadly available for fraudulent misrepresentation than for mistake. Reformation for mistake is limited to the situation in which the parties, having already reached an agreement, later fail to express it correctly in a writing. That limitation, stated in § 155, applies to all cases where both parties are mistaken, including those where one of the mistaken parties has made a non-fraudulent misrepresentation as to the contents or effect of a writing. Where, however, only one party is mistaken and the other has fraudulently misrepresented the writing's contents, or effect, reformation may be granted even though there was no prior agreement."); *Skinner*, 673 F.3d at 1166 ("In the law of contract, a court may reform a contract to reflect the true intent of the parties if *both* parties were mistaken about the content or effect of the contract.").

During the hearing on this matter, Williams asserted that he could—and, if given the opportunity, would—amend his Complaint to include allegations establishing misrepresentation by the company that modified Williams's loan and to whom SLS is the successor-in-interest. Counsel for SLS contended that SLS could not be held liable for the alleged misrepresentations made by the loan modifier. Because the parties have not fully briefed this new theory, the Court cannot at this juncture conclude that the proposed amendment would be futile. As such, the Court GRANTS the Countermotion for Leave to Amend the Complaint as to the reformation claim.

/ / /

*2. Williams failed to state a claim for unjust enrichment.*

Under California law, there are two elements for a claim of unjust enrichment: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000). However, "the fact that one person benefits another is not, by itself, sufficient to require restitution." *First Nationwide Savings v. Perry*, 15 Cal. Rptr. 2d 173, 176 (Ct. App. 1992). Rather, "[t]he person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it." *Id.* The Proposed FAC alleges the following with respect to unjust enrichment:

> 24. Defendants **have received the benefit of interest and penalties on a loan** that Plaintiff did not know he had.
> 25. **It would be unjust for Defendants to retain the benefit of the increased fees** when [Plaintiff] thought the one loan had consolidated all of his mortgage debt.
> 26. Justice requires a reformation of the loan to the one Plaintiff thought he had that incorporates both mortgages under the same terms.

Proposed FAC ¶¶ 24–26 (emphasis added).

Here, SLS contends that Williams's unjust enrichment claim is futile because Williams never provided SLS with any funds under the HELOC for fourteen years. Reply at 5–6. Although Williams admits that he did not make payments on the HELOC for fourteen years, the Proposed FAC nevertheless alleges that SLS "received the benefit of *interest and penalties* on a loan that Plaintiff did not know he had." Proposed FAC ¶ 24 (emphasis added). As such, the Court finds that Williams has, at the very least, adequately alleged that SLS received a benefit.

The Court next considers whether Williams adequately alleged *unjust* retention of the benefit. "Determining whether it is unjust for a person to retain a benefit may involve policy considerations." *Perry*, 15 Cal. Rptr. 2d at 176–77. As an example, the California Court of Appeal noted that "if a person receives a benefit because of another's mistake, policy may dictate that the person making the mistake assume the risk of the error." *Id.* at 176–77. Here, Williams's failure to make payments on the HELOC stemmed from his own erroneous belief that his loans had been consolidated. Williams alleges that he "had discussed with Defendant a loan that would consolidate his first and second mortgages," that "Defendant never sent a statement," and "never informed

Plaintiff there was a second loan separate from the first one after the modification," but again otherwise does not claim that SLS made any misrepresentations that his mortgages would be or had been consolidated. Proposed FAC ¶¶ 18–20. Based on the allegations of the Proposed FAC, Williams came to this misunderstanding of his own accord. As a result, the Court finds that Williams failed to adequately allege that SLS *unjustly* retained a benefit at his expense.

As discussed above, during the hearing on this matter, Williams asserted that he could—and, if given the opportunity, would—amend his Complaint to include allegations establishing misrepresentation by the company that modified Williams's loan and to whom SLS is the successor-in-interest. Because the parties have not fully briefed this new theory, the Court cannot at this juncture conclude that the proposed amendment would be futile. As such, the Court GRANTS the Countermotion for Leave to Amend the Complaint as to the unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion to Dismiss is GRANTED IN PART WITH LEAVE TO AMEND (ECF No. 11);
2. The Request for Judicial Notice is GRANTED (ECF No. 12); and
3. The Countermotion for Leave to Amend Complaint is GRANTED IN PART (ECF No. 18).
4. Williams is ORDERED to file a First Amended Complaint within twenty-eight (28) days of the date of this Order if he still desires to pursue any of the claims being dismissed with leave to amend.[7]

IT IS SO ORDERED.

Dated: June 23, 2023

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[7] The Court notes that the parties have engaged in a number of meet and confer conferences and that Williams has had numerous opportunities to address the deficiencies in his complaint and propose new allegations and theories of liability. Accordingly, the Court cautions that if Williams is still unable to properly plead his allegations in his next amended complaint, the Court may find that future attempts would be futile, given the number of attempts that have been made.